UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>v.<br><br>JUAN D. VEGA, JR.<br><br>                      Defendant. | No. CR04-0413MJP<br><br>ORDER DENYING MOTION FOR CLARIFICATION OF JUDGMENT |

This matter comes before the Court on Defendant's motion seeking "clarification" of the judgment in his case. (Dkt. No. 94.) Defendant also requests that he be allowed to "substitute counsel" and represent himself pro se in this matter. The United States has responded. (Dkt. No. 95.) Having considered the parties' papers and the record herein, the Court GRANTS Mr. Vega's request to act pro se, but DENIES Mr. Vega's request for clarification of the judgment.

**Background**

In April 2005, Mr. Vega pled guilty to two counts of identity theft. On February 3, 2006, the Court sentenced Mr. Vega to 63 months imprisonment and ordered Mr. Vega to pay $172,121.75 in restitution to a list of known victims. (Dkt. No. 92.) The Court ordered that payment was due immediately, and that unpaid amounts be paid "[d]uring the period of imprisonment, no less than 10% of [his] inmate grossly month income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program."

In his motion, Mr. Vega states that, due to a medical condition, he is unable to work while in prison. He states that he receives financial assistance from family members and friends. Mr. Vega

ORDER - 1

requests that the Court indicate that it did not intend that Mr. Vega be required to make payments towards restitution from any financial assistance that he receives from others.

**Discussion**

In regards to his request to act pro se, Mr. Vega is no longer represented by counsel Todd Maybrown because his conviction ended the criminal case against him. Mr. Vega may therefore represent himself pro se.

Regarding his request for clarification of the judgment, the Court does not have authority to amend the judgment. Federal Rule of Criminal Procedure 35 provides that a court may "correct a sentence that resulted from arithmetical, technical, or other clear error" within seven days of sentencing. Fed. R. Crim. P. 35(a).[1] The Court sentenced Mr. Vega on February 3, 2006, over a year ago. His request is therefore untimely. In addition, Mr. Vega does not identify any "clear error" in the judgment. Thus, Mr. Vega has failed to make a viable Rule 35 request.

Under 28 U.S.C. § 2241, a defendant may bring a petition to challenge the manner, location, and conditions of his sentence in a court in the district in which he is confined. See Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000). Thus, Mr. Vega may challenge the restitution arrangement in the District of Oregon, the district where he is confined. The Court notes that he may do so only if he demonstrates that he has exhausted his administrative remedies. See Castro-Cortez v. INS, 239 F.3d 1037, 1047 (9th Cir. 2001), abrogated on other grounds, Fernandez-Vargas v. Gonzales, 126 S. Ct. 2422, 2427 (2006).

For these reasons, Mr. Vega's request for clarification of his judgment is DENIED. The clerk is directed to send a copy of this order to Mr. Vega and to counsel for the Government.

Dated this 7th day of May, 2007.

Marsha J. Pechman
United States District Judge

---

[1] The only other basis upon which a court may correct a sentence is where the Government moves to reduce a sentence based on a defendant's substantial assistance. See Fed. R. Crim. P. 35(b). That provision is not applicable here.

ORDER - 2