UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>JUAN D. VEGA, JR.<br><br>　　　　　　　　　Defendant. | No. CR04-0413MJP<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

　　　This matter comes before the Court on Defendant's motion for reconsideration of the Court's May 7, 2007, Order denying Defendant's motion for clarification of the judgment in this case. (Dkt. No. 97.)

　　　On February 3, 2006, this Court sentenced Mr. Vega to 63 months imprisonment and ordered Mr. Vega to pay $172,121.75 in restitution to a list of known victims. (See Judgment, at 5). As set forth in the Judgment, the Court ordered that payment was due immediately, and that unpaid amounts be paid "[d]uring the period of imprisonment, no less than 10% of [his] inmate gross monthly income or $25.00 per quarter, whichever is greater, to be collected and disbursed in accordance with the Inmate Financial Responsibility Program." (Id.) On May 7, 2007, the Court denied Mr. Vega's request that the Court clarify the judgment to preclude the Bureau of Prisons from deducting monies obtained from family and friends from Mr. Vega's prison account. (Dkt. No. 96.) Mr. Vega argues that the Court erred when it concluded that it did not have authority to amend the judgment. Mr. Vega asserts that the Court should have construed Defendant's motion for clarification either as a

ORDER - 1

motion to correct, amend, or adjust a restitution order under 18 U.S.C. 3664(k) or as a motion for an order enforcing the original restitution order.

Defendant's motion for reconsideration is DENIED. The Mandatory Victims Restitution Act of 1996, 18 U.S.C. § 3663A *et seq.*, does not provide the Court with authority to amend the judgment. The provision that Mr. Vega points to — 18 U.S.C. § 3664(k) — provides:

> A restitution order shall provide that the defendant shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution. The court may also accept notification of a material change in the defendant's economic circumstances from the United States or from the victim. The Attorney General shall certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances. Upon receipt of the notification, the court may, on its own motion, or the motion of any party, including the victim, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

Thus, the Court has authority to adjust the restitution order upon a showing of a "material change in the defendant's economic circumstances." See 18 U.S.C. § 3664(k). But Mr. Vega has not shown a material change in his economic circumstances. He alleged in his original motion that he is unable to work due to medical conditions. But the Court was aware of Defendant's medical conditions when it sentenced him. (See Judgment, at 2.) Because Mr. Vega has not shown a change in circumstances affecting his ability to pay restitution, 18 U.S.C. § 3664(k) does not provide a vehicle through which Mr. Vega may seek adjustment of the restitution order.

Even if this Court had authority to consider Mr. Vega's request, Mr. Vega has cited no authority for his assertion that it is improper for the Bureau of Prisons (BOP) to withdraw money from friends and family for payment of criminal penalties. He only argues that the Court's judgment "[did] not include those types of monies to be use[d] towards payment of criminal monetary penalties." But the regulations implementing the Inmate Financial Responsibility Program (IFRP) (referenced in the Court's restitution order) provide that restitution payments may be made from both "institution resources" or "non-institution (community) resources." See 28 C.F.R. § 545.11(b). Thus, BOP regulations permit the BOP to collect payments from non-institutional funds in Mr. Vega's prison account for payment of his criminal fine. See Finck v. Joslin, No. 3:05-CV-0718-D, 2006 U.S.

ORDER - 2

1  Dist. LEXIS 7650 (N.D. Tex. Feb. 28, 2006) (rejecting petitioner's challenge to collection of

2  restitution from non-institutional sources); Mujahid v. Crabtree, 999 F. Supp. 1398, 1400 (D. Or.

3  1998) ("The regulations allow the BOP to demand 'payment' from both 'institution resources' (*e.g.*,

4  funds obtained from prison employment) as well as 'non-institution resources' which include any

5  funds that petititoner receives from sources such as his family.").

6      Because Mr. Vega has not shown that the Court erred in its conclusion that it does not have

7  authority to adjust the judgment, and because, even if it did have such authority, it does not appear

8  that BOP is acting inappropriately by requiring Mr. Vega to use non-institutional funds to pay

9  restitution, the motion for reconsideration is DENIED.

10      The clerk is directed to send a copy of this order to Mr. Vega and to counsel for the

11  Government.

12      Dated this 6th day of June, 2007.

                                            Marsha J. Pechman
                                            United States District Judge

ORDER - 3